IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MASSEY LEE MOORE, #1263341 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv183 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner filed a motion for relief from judgment (docket entry #23). A review of the history of this case reveals that, on September 7, 2010, this case was dismissed as time-barred. On March 18, 2011, the Fifth Circuit Court of Appeals denied Petitioner's motion for certificate of appealability.

In the instant motion, Petitioner asks that the Court grant relief from judgment. Petitioner's § 2254 petition was denied because it was not timely filed. He now urges that he is entitled to equitable tolling. He relies on the holding of *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 172 L. Ed.2d 475 (2009). In *Jimenez*, the Court held that direct review is not concluded until the availability of a direct appeal is exhausted. *Id.*, 555 U.S. at 120, 129 S. Ct. at 686. More specifically, when determining time limitations, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review must reflect the conclusion of an out-of-time direct appeal, or the expiration of the time for seeking review of that appeal. *Id*. Essentially, *Jimenez* stands for the proposition that when a petitioner is granted an out-of-time appeal, the pendency of his direct appeal is restored – thus extending the limitations period. However, the Fifth Circuit has repeatedly held that the new method of calculating the limitations

period announced in *Jimenez* is not the kind of extraordinary circumstance that warrants relief under Rule 60(b).  *See, e.g., Hernandez v. Thaler*, 630 F.3d 420, 422 (5th Cir. 2011).

Furthermore, the filing of the instant motion, based on Rule 60(b), could be construed as an attempt to circumvent the federal prohibition against filing successive habeas petitions by using another means for the same purpose.  Prisoners cannot evade the procedural rules governing Section 2254 petitions by the simple expedient of claiming that their petitions are brought under other motions or sections instead.  Petitioner may not file a Rule 60(b) motion to bypass the successive petition prohibition.  *See Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999) (Rule 60(b) motions are construed as successive habeas petitions subject to AEDPA).  Construing Petitioner's motion as a successive petition, this Court notes that Petitioner may not file a successive petition in this Court without the permission of the Fifth Circuit.  28 U.S.C. § 2244(3)(A).  A district court cannot rule on the merits of a successive petition that has been filed without such approval.  *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003).  Petitioner has not shown that he has received permission from the Fifth Circuit to file the present petition.  If he obtains permission from the Fifth Circuit, he may file a successive petition. This Court lacks jurisdiction to consider such action without permission from the Fifth Circuit.  It is accordingly

**ORDERED** that Petitioner's motion for relief from judgment (docket entry #23) is **DENIED**.  All motions not previously ruled upon are **DENIED**.

**SIGNED this the 28th day of September, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

2